NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1233
_____

UNITED STATES OF AMERICA

v.

ROBERT ODOM,
Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-11-cr-00649-001)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015

Before:  FISHER, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: September 30, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Robert Odom ("Odom") was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), after a jury trial in the United States District Court for the Eastern District of Pennsylvania. Odom appeals that conviction and asserts that there was insufficient evidence to support his conviction. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On April 9, 2011, two Philadelphia policemen, William Hoppe ("Hoppe") and Leonard Ginchereau ("Ginchereau"), were flagged down by a woman, Shelmina Boone ("Boone"), and her male friend in front of R&R Auto Repair ("R&R") at the intersection of Bridge and James Streets in Philadelphia, Pennsylvania. Boone told the officers that she had been threatened by a black man with a gun and that he had left the scene by way of James Street in a black limousine. The officers commenced a search, by way of James Street, and pulled over a black limousine driven by a black man several blocks away from R&R in an area not known to have many limousines.

Two other Philadelphia policemen, Brian Clerkin ("Clerkin") and Michael Chichearo, responded to a call for assistance at R&R. Boone relayed the same story to these officers but with more detail. Those officers then took Boone to where Odom was pulled over. Boone identified Odom as the man who had threatened her with the gun.

2

Clerkin looked inside the limousine's driver's side door, which was still open, and saw a handgun protruding from the floor's torn upholstery next to the radio compartment on the driver's side of the vehicle. Boone identified the gun as the one Odom had threatened her with at R&R. Odom was then placed under arrest. That day, an investigator took a signed statement from Boone. After a follow-up investigation, the officers determined that Odom was the registered owner of the limousine, operated a limousine driving business, and owned R&R.

During grand jury proceedings, Boone provided testimony that echoed her statements to police the day of the incident and adopted her prior signed statement. At trial, however, Boone claimed she had memory loss and could not have her recollection refreshed because she did not have her glasses with her that day. Odom stipulated to the authenticity of the grand jury transcript, which included Boone's statements. Odom, however, raised an objection to the admittance of the transcript and Boone's statements to police as substantive evidence. The District Court admitted them over the objection.

Odom testified in his own defense, asserting that Boone and her male friend wielded a gun and threatened him. Odom also testified that other persons drove and had access to the limousines and that he did not know a gun was in the limousine. Despite his testimony, the jury found Odom guilty of being a felon in possession of a firearm. Odom was later sentenced to 60 months' imprisonment.

3

## II.

The District Court had jurisdiction over this criminal action under 18 U.S.C. § 3231. We have appellate jurisdiction over Odom's challenge to his conviction under 28 U.S.C. § 1291. We exercise plenary review over Odom's insufficiency of the evidence claim.[1] In exercising that review, the evidence must be viewed "in the light most favorable to the Government" as the verdict winner.[2] A request for a new trial and review of a trial court's decision to admit evidence are reviewed for abuse of discretion.[3]

## III.

We discuss Odom's challenge of the sufficiency of the evidence based on his two alternative requests for relief, (A) acquittal and (B) a new trial, in turn.

## A.

Odom first argues that Boone's grand jury testimony and statements to police should not have been admitted at trial. We disagree. Boone's statement to Hoppe was made right after the incident, and Hoppe testified that Boone was in an excited state and that Boone was flagging them down for immediate assistance.[4] Thus, admitting this

---

[1] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 423-24 (3d Cir. 2013) (en banc). This Court will not review the Government's assertion that we should review for plain error as we affirm under this less deferential standard.

[2] *United States v. Rieger*, 942 F.2d 230, 232 (3d Cir. 1991) (citation omitted).

[3] *United States v. Jasin*, 280 F.3d 355, 360 (3d Cir. 2002); *United States v. Green*, 556 F.3d 151, 155 (3d Cir. 2009), respectively.

[4] J.A. at 195.

4

statement as an excited utterance was not an abuse of discretion.[5] Further, Boone

identified Odom after seeing him at R&R a short time thereafter. Hence, admitting

Boone's statement identifying Odom as substantive evidence of identification was not an

abuse of discretion.[6] Lastly, Boone's signed statement is admissible as a recorded

recollection because Boone adopted it by way of her signature, she was unable to recall

the statement at trial but identified the signature as her own, and Boone had previously

adopted it (on the day of the incident) when it was fresh in her mind.[7]

Moreover, Boone's testimony that she had memory loss was likely viewed by the

District Court, within its discretion, as disingenuous; Boone testified at trial; and Boone

was subject to cross-examination regarding the grand jury testimony. Thus, admitting the

grand jury testimony as a prior inconsistent statement was not an abuse of discretion.[8]

Odom next asserts that there is insufficient evidence to support a finding that he

knowingly possessed a firearm. Odom bears a heavy burden in challenging the

sufficiency of the evidence as we must "consider the evidence in the light most favorable

---

[5] Fed. R. Evid. 803(2); *United States v. Brown*, 254 F.3d 454 (3d Cir. 2001).
[6] Fed. R. Evid. 801(d)(1)(C); *United States v. Brink*, 39 F.3d 419, 426 (3d Cir. 1994).
[7] Fed. R. Evid. 803(5); *United States v. Mornan*, 413 F.3d 372, 377-78 (3d Cir. 2005).
[8] Fed. R. Evid. 801(d)(1)(A); *Mornan*, 413 F.3d at 378.

to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt."[9]

Odom asserts that he did not knowingly possess a firearm through constructive possession.[10] In order to prove constructive possession, the Government must have proven beyond a reasonable doubt that (1) Odom knew of the gun's existence, (2) Odom had the power to exercise dominion and control over the gun, and (3) Odom intended to exercise dominion and control over the gun.[11] This proof may be circumstantial.[12]

In the case at bar, there is sufficient evidence to support a finding by the jury that Odom had constructive possession of the firearm. Despite Boone's failed recall and Odom's testimony that Boone had a gun, Boone's previous grand jury testimony and statements to police support a finding that Odom possessed the gun. This is further bolstered by Boone's identification of Odom and of the gun on location the day of the incident and Boone's report of the incident occurring at R&R. Because the jury is free to accord weight to a witness's testimony based on its assessment of the witness's

---

[9] *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) (internal quotation marks omitted).

[10] The Government was required to prove (1) that Odom had previously been convicted of a felony; (2) that Odom knowingly possessed a firearm; and (3) that the firearm had traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Odom only challenges the second requirement. This Court will review only constructive possession, even though the parties address actual possession, as it supports affirming the jury verdict.

[11] *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992).

[12] *Id*. at 97.

6

credibility,[13] a rational jury could find that Boone's prior grand jury testimony was more credible than Odom's and Boone's trial testimony, as both were unsupported by the testimony of other trial witnesses and Boone's prior testimony and statements.

The evidence above is supported by further evidence that Odom knowingly possessed the firearm. When Odom was stopped, he was driving a limousine registered in his name and no one else was in the vehicle;[14] the butt of the gun was visible and placed on the driver's side of the vehicle within Odom's reach;[15] and Odom was stopped within a few blocks of his business and within a few minutes of the underlying incident.[16] Although Odom's proximity to the gun and ownership of the vehicle is not by itself enough to prove constructive possession, this Court may consider those factors in the context of the surrounding circumstances.[17] All of these considerations support a rational jury's finding that Odom constructively possessed the gun.

This finding is not overcome by Odom's arguments, drawn from this Court's holding in *United States v. Brown*,[18] regarding the lack of identifiable fingerprints on the

---

[13] *Rhoades, Inc. v. United Air Lines, Inc.*, 340 F.2d 481 (3d Cir. 1965).

[14] *Iafelice*, 978 F.2d at 97 (considering a defendant's ownership and operation of a vehicle in which contraband is found as corroborative factors of constructive possession).

[15] *United States v. Lopez*, 271 F.3d 472, 487 (3d Cir. 2001) (finding that the gun's location under the vehicle's front seat "could easily justify the inference … [of the defendant's] constructive possession of the gun").

[16] *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007) (finding constructive possession where the defendant had threatened the victim minutes before a gun was found under the defendant's car seat and the gun matched the victim's description of it).

[17] *Iafelice*, 978 F.2d at 97.

[18] 3 F.3d 673 (3rd Cir. 1993).

gun or that the limousine was driven by other people or previously had occupants other than Odom. In *Brown*, this Court found that the Government had failed to prove constructive possession, citing as one factor the absence of the defendant's fingerprints on the seized contraband. But, we made this finding in consideration of other factors in *Brown*: a co-defendant's fingerprints were on the contraband, the defendant did not own the home from which the contraband was seized, and there was no evidence showing that the defendant had exerted control over the contraband. Here, the evidence demonstrates otherwise: Odom exerted control over the firearm as he was recently seen wielding it; Odom owned the vehicle in which the gun was found and R&R, where Boone stated Odom used the gun; and, finally, although the fingerprint on the gun was unidentifiable, no other fingerprints were on the gun signifying use by another person.[19] Thus, Odom has failed to show that there was not substantial evidence upon which a rational jury could find that he constructively possessed the firearm, and acquittal is therefore unwarranted.

B.

Odom did not file a motion for a new trial with the District Court. Because Odom failed to make that motion, this Court cannot act upon his request for a new trial and his

---

[19] *Arnold*, 486 F.3d at 181 (finding that a jury could reasonably conclude that the gun did not have fingerprints because the defendant had the opportunity to wipe the gun off before he was apprehended by the police).

argument is waived.[20] In the alternative, based on the evidence reviewed above, a new

trial is not required in the interest of justice.[21]

IV.

For the reasons set forth above, we will affirm the order of the District Court.

---

[20] A district court may vacate a judgment and grant a new trial only "[u]pon the defendant's motion" and may not order a new trial *sua sponte*. Fed. R. Crim. P. 33; Fed. R. Crim. P. 33, advisory comm. notes, 1966 amends.; *United States v. Thorton*, 1 F.3d 149 (3d Cir. 1993) (finding that where a defendant fails to file a new trial motion before the district court, we may not consider his claim on appeal).

[21] Fed. R. Crim. P. 33(a).